UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| APRIL COURT OWNERS ASSOCIATION, a Washington Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio Corporation; and DOE INSURANCE COMPANIES 1–10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

The April Court Owners Association (the "Association") alleges as follows:

## I.   INTRODUCTION

1.1   This is an action for declaratory judgment, breach of contract, bad faith violations, Consumer Protection Act ("CPA") violations, and money damages seeking:

(A)   A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Defendant Nationwide Mutual Insurance Company ("Nationwide") insurance policies issued to the Association. The Association is seeking a ruling that the Nationwide policies provide coverage for hidden damage at the April Court Condominium and that Nationwide is liable for money damages for the cost of repairing hidden damage at the April Court Condominium.

(B)   Damages for bad faith, breach of contract, and violations of the CPA against Nationwide.

1  (C) Attorneys' fees and costs (including expert witness fees) against Nationwide.

2  (D) Any other relief the Court deems just and equitable.

## II. PARTIES AND INSURANCE CONTRACTS

2.1 <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Seattle, Washington. The Association has the duty to maintain the common elements and any limited common elements of the April Court Condominium. The April Court Condominium consists of one (1) three-story multifamily wood-framed building constructed in approximately 1994 and located in Seattle, Washington. The building is composed of wood cladding, vinyl windows, and a combination of steep and flat roofs. The cladding is installed over weather-resistive barrier, which is installed over sheathing, which is installed over wood framing.

2.2 <u>ALLIED Mutual Insurance Company and Nationwide Mutual Insurance Company</u>. ALLIED Mutual Insurance Company sold property insurance Policy No. ACP APCA 7500606019 (03/17/1999 – 03/17/2000), which identified the April Court Condominium as covered property, to the Association. Effective October 1, 1998, ALLIED Mutual Insurance Company was merged with and into Nationwide. Nationwide is the successor by merger to ALLIED Mutual Insurance Company. Nationwide sold property insurance Policy Nos. ACP CPP 7560606019 (03/17/2005 – 03/17/2006); ACP CPP 7520606019 (03/17/2011 – 03/17/2012); ACP CPP 7530606019 (03/17/2012 – 03/17/2013); ACP CPP 7540606019 (03/17/2013 – 03/17/2014); ACP CPP 7550606019 (03/17/2014 – 03/17/2015); ACP CPP 7560606019 (03/17/2015 – 03/17/2016); ACP CPP 7570606019 (03/17/2016 – 03/17/2017); ACP CPP 7580606019 (03/17/2017 – 03/17/2018); ACP CPP 7590606019 (03/17/2018 – 03/17/2019); ACP CPP 7500606019 (03/17/2019 – 03/17/2020); and ACP CPP 7510606019 (03/17/2020 – 03/17/2021), which identified the April Court Condominium as covered property, to the Association. Upon information and belief, Nationwide also sold property insurance Policy Nos. ACP 7510606019 (03/17/2000 – 03/17/2001); ACP 7520606019 (03/17/2001 – 03/17/2002); ACP 7530606019 (03/17/2002 – 03/17/2003); ACP 7540606019 (03/17/2003 – 03/17/2004); ACP 7550606019 (03/17/2004 –

03/17/2005); ACP CPP 7570606019 (03/17/2006 – 03/17/2007); ACP CPP 7580606019 (03/17/2007 – 03/17/2008); ACP CPP 7590606019 (03/17/2008 – 03/17/2009); ACP CPP 7500606019 (03/17/2009 – 03/17/2010); ACP CPP 7510606019 (03/17/2010 – 03/17/2011), which identified the April Court Condominium as covered property, to the Association. Nationwide is an Ohio domiciled insurer with its principal place of business in Columbus, Ohio. Nationwide is registered and authorized to sell insurance in Washington.

2.3   Doe Insurance Companies 1–10.  Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the April Court Condominium as covered property.

2.4   April Court Insurers.  Nationwide and Doe Insurance Companies 1–10 shall be collectively referred to as the "April Court Insurers."

2.5   April Court Policies. The policies issued to the Association by the April Court Insurers shall be collectively referred to as the "April Court Policies."

### III.   JURISDICTION AND VENUE

3.1   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the April Court Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium buildings are located in King County.

### IV.   FACTS

4.1   Incorporation by Reference. The Association re-alleges the allegations of Paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2   Tender to Nationwide. On February 13, 2020, the Association tendered an insurance claim to Nationwide for recently discovered hidden damage to exterior sheathing and framing at the April Court Condominium. The Association requested that Nationwide investigate for any

additional hidden damage to weather-resistive barrier, sheathing, and framing at the April Court Condominium.

4.3     Joint Intrusive Investigation. In September 2020, the Association, including its experts at J2 Building Consultants, Inc. ("J2"), and the Association's historical insurer, Nationwide, conducted a joint intrusive investigation of the April Court Condominium, which revealed system-wide hidden damage to the sheathing and framing.

4.4     J2's Findings Report. Following the joint intrusive investigation, J2 prepared its Findings Report, dated December 30, 2020. Of the ten (10) openings made during the joint intrusive investigation, hidden water damage to sheathing and framing was observed at all ten (10) openings (100%). It is J2's opinion that the primary cause of the hidden water damage is wind-driven rain. According to J2, hidden damage at the April Court Condominium has occurred incrementally and progressively each year from 1994, and some new damage commenced during each year of the April Court Policies. It is expected that similar levels of damage would be found at other locations not investigated at the April Court Condominium. The Association's experts have opined that the cost to repair the hidden damage at the April Court Condominium is in excess of $1,000,000, well over the jurisdictional limit of $75,000.

4.5     Nationwide's Denial of the Association's Claim. On February 12, 2021, Nationwide unreasonably denied the Association's insurance claim.

## V.     FIRST CLAIM AGAINST THE APRIL COURT INSURERS: DECLARATORY RELIEF THAT THE APRIL COURT POLICIES PROVIDE COVERAGE

5.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 4.5, above, as if fully set forth herein.

5.2     Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)     That the April Court Policies cover the hidden damage to exterior sheathing and framing at the April Court Condominium.

(B) No exclusions, conditions, or limitations bar coverage under the April Court Policies.

(C) That the loss or damage to the April Court Condominium was incremental and progressive. New damage commenced during each year of the April Court Policies.

(D) As a result, the April Court Policies cover the cost of investigating and repairing the hidden damage at the April Court Condominium.

## VI. SECOND CLAIM: AGAINST NATIONWIDE FOR BREACH OF CONTRACT

6.1 Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2 Nationwide has contractual duties under the terms of its policies to pay the cost of investigating and repairing the covered damage to the April Court Condominium.

6.3 Nationwide breached its contractual duties by wrongfully denying coverage on February 12, 2021, and by failing to pay the cost of repairing the covered damage to the April Court Condominium.

6.4  As a direct and proximate result of Nationwide's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5 Additional Damages. As a direct and proximate result of Nationwide's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII. THIRD CLAIM: AGAINST NATIONWIDE FOR INSURANCE BAD FAITH

7.1 Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2 The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

7.3    The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4    Nationwide had a duty to investigate, evaluate, and decide the Association's claim in good faith. Nationwide breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things failing to: (1) acknowledge that weather conditions such as wind-driven rain were one of the causes of the hidden damage at the April Court Condominium; (2) acknowledge that weather conditions such as wind-driven rain are covered causes of loss under its policies; (3) acknowledge that the repeated seepage or leakage of water is a covered cause of loss under some of the Nationwide policies issued to the Association; (4) acknowledge that coverage is preserved under the resulting loss provision in its policies; (5) acknowledge that there is coverage under its policies when damage results from a concurrent combination of wind-driven rain and inadequate construction; and (6) failing to define key undefined terms in its policies in favor of the Association as required by Washington law.

7.5    Nationwide ignored case law in the Western District of Washington that is directly contrary to the coverage positions taken by Nationwide. Nationwide unreasonably denied coverage for any and all hidden damage at the April Court Condominium. Nationwide's self-serving denial does not comport with Washington law or the plain meaning of its own policy language and put Nationwide's financial interests ahead of the Association's to the Association's detriment.

7.6     A violation, if any, of one or more of the Washington claims handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Nationwide's conduct violated Washington claims handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Nationwide to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.
- Which require Nationwide to adopt and implement reasonable standards for the prompt investigation of claims.
- Which require Nationwide to construe ambiguities in facts, law, or policy language in favor of coverage.

7.7     Nationwide's actions and omissions, including, but not limited to, its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Nationwide's duty of good faith. As a direct and proximate result of these breaches, the Association has been damaged in an amount to be proven at trial.

### VIII.   FOURTH CLAIM: AGAINST NATIONWIDE FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 7.7, above, as if fully set forth herein.

8.2     Violations of Washington Administrative Code ("WAC") claims handling standards are per se CPA violations. On information and belief, Nationwide's conduct was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate

result of Nationwide's violations, the Association has been damaged in an amount to be proven at trial. Under the CPA, the Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees.

## IX. PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1 <u>Declaratory Judgment Regarding Coverage</u>. A declaratory judgment that the April Court Policies provide coverage as described herein.

9.2 <u>Money Damages.</u> For money damages in an amount to be proven at trial.

9.3 <u>Attorneys' Fees and Costs of Suit</u>. For reasonable attorneys' fees and costs (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4 <u>CPA Penalties.</u>  For CPA penalties against Nationwide of up to $25,000 per violation.

9.5 <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

## X. DEMAND FOR JURY TRIAL

10.1 Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

Dated the 26th day of April, 2021.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Jerry H. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Daniel J. Stein*
/s/ *Jessica Burns*
Jerry H. Stein, WSBA #27721
Justin D. Sudweeks, WSBA #28755
Daniel J. Stein, WSBA #48739
Jessica R. Burns, WSBA #49852
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: jstein@condodefects.com
Email: justin@condodefects.com
Email: dstein@condodefects.com
Email: jessica@condodefects.com
Telephone: (206) 388-0660

Facsimile: (206) 286-2660
*Attorneys for Plaintiff*